## THE STATE ex rel. WILLIAMS, Appellant, v. HARRISON et al.

### Division Two, March 17, 1903.

**Dramshop License: MANDAMUS: TIME EXPIRED.** Where a peremptory writ of mandamus could not be awarded because of the expiration of the time within which the license desired could be used by relator, the appellate court will not review the judgment of the circuit court denying the writ.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

*R. J. Ingraham* and *F. M. Black* for respondents.

BURGESS, J.—On September 26, 1899, relator sued out before Hon. E. P. Gates, one of the judges of the circuit court of Jackson county, a writ of mandamus directed to J. Scott Harrison, Jr., treasurer of Kansas City, and Amos R. Cecil, auditor of said city, who at that time had the power and authority to issue dramshop licenses in said city, reciting "that on the 18th day of September, 1899, one James R. Williams duly tendered to you the sum of one hundred and twenty-five dollars in lawful money, together with his application in writing, for a license to keep a dramshop at 900 East Nineteenth street, in said city, but that you declined to accept said money or issue said license," and commanding them that "immediately after the receipt of this writ, you the said J. Scott Harrison, Jr., upon tender of said sum of money do receive the same and issue a receipt therefor, and you, the said Amos R. Cecil, upon the presentation of said application of

said James R. Williams for a dramshop license, together with said receipt, do issue to him a license to keep a dramshop at said place until January 4, 1900, or show cause before our honorable circuit court in Division No. 3 thereof, held at Kansas City on the 29th day of September next ensuing, at 11 a. m., why you should not do so.''

The writ was duly served, and on September 29, 1899, respondents made return thereto as follows:

"And now comes the said J. Scott Harrison, Jr., treasurer of Kansas City, and Amos R. Cecil, auditor of Kansas City, and for return to the writ of mandamus heretofore issued in this case say, that said relator ought not to have his writ of peremptory mandamus, because they say that while they admit all the allegations of the alternative writ of mandamus, yet they further say that the refusal of these respondents to accept the sum of one hundred and twenty-five dollars tendered them by relator, and to issue a dramshop license to him, according to his application therefor, was solely because said application did not have indorsed thereon a certificate signed by the board of police commissioners that such applicant has proved himself to be a person of good moral character, as required by section 33, article 17 of the Charter of Kansas City. Wherefore, respondents pray judgment for their costs.''

Thereafter on October 26, 1899, on a trial in the circuit court of said county, there was judgment for defendants against the relator. From that judgment the relator appeals.

As the time expired January 4, 1900, up to which time relator made application for license to keep a dramshop, whatever our conclusion might be as to the merits of his application upon an investigation of the case, as a peremptory writ could not in any event be awarded, it would serve no useful purpose to do so, and we therefore affirm the judgment. All concur.